**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00225-MR
[CRIMINAL CASE NO. 1:08-cr-00082-MR-3]**

| | |
|---|---|
| DONALD GERARD O'LEARY, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1][1] and Petitioner's "Motion for Appointed Counsel, and Motion to Proceed with Consideration re Motion to Vacate/Set Aside/Correct Sentence" [Doc. 3]. For the reasons that follow, the Court denies and dismisses the Motion to Vacate.

---

[1] Petitioner's filing is entitled "Motion/Request for Appointed Counsel and Motion/Request to Proceed with Consideration." [Doc. 1]. In the body of his motion, however, Petitioner makes repeated references to 28 U.S.C. § 2255. [Id.]. Accordingly, the Court construed Petitioner's filing as a motion to vacate pursuant to § 2255 and ordered the Federal Defenders of Western North Carolina to review Petitioner's motion pursuant to this Court's standing Order on cases asserting relief under Johnson v. United States, 135 S. Ct. 2551 (2015). [Doc. 2]. The Federal Defenders declined to supplement Petitioner's Motion. [Doc. 4].

## PROCEDURAL HISTORY

In 2009, *pro se* Petitioner Donald Gerard O'Leary pleaded guilty in a consolidated proceeding of criminal actions 1:08-cr-00082 (W.D.N.C.), 1:09-cr-00036 (W.D.N.C.), and 1:09-cr-00058 (D.S.C.) to the following offenses: (1) bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One in 1:08-cr-00082); (2) possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count One in 1:09-cr-00036); and (3) bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One in 1:09-cr-00058). [Crim. Case No. 1:08-cr-00082-MR-3 ("CR"), Doc. 101: Judgment]. On July 8, 2010, this Court sentenced Petitioner to a term of 104 months on Count One in each of Nos. 1:08-cr-00082 and 1:09-cr-00058, to be served concurrently; and to a term of 84 months on Count One of No. 1:09-cr-00036, to be served consecutively to the term imposed in Count One of Nos. 1:08-cr-00082 and 1:09-cr-00058, for a total term of 188 months. [CR Doc. 101]. Petitioner did not appeal the Court's judgment.

Petitioner dated the motion to vacate June 24, 2016, and it was stamp-filed in this Court on June 30, 2016. [Doc. 1]. In the Section 2255 motion to vacate, Petitioner contends that he is entitled to relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that

his conviction and resulting 84-month consecutive sentence for possession of a firearm in relation to a crime of violence, under 18 U.S.C. § 924(c), violated his due process rights in light of Johnson. [Id. at 2; Doc. 3].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As noted, Petitioner's sole claim is for relief under the Supreme Court's decision in Johnson. Specifically, Petitioner contends that his conviction and resulting 84-month sentence for possession of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c) is unconstitutional in light of Johnson. For the following reasons, the Court finds that Petitioner is not entitled to relief under Johnson.

In 2015, the Supreme Court held in Johnson that "residual clause" of the ACCA's definition of "violent felony," which defined that term as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted.

Here, Petitioner contends the predicate conviction of bank robbery, under 18 U.S.C. § 2113(a), that was relied upon to support his § 924(c) conviction is no longer considered a "crime of violence" after Johnson. [Docs. 1, 3]. Petitioner's argument is foreclosed by the Fourth Circuit's

4

decision in McNeal v. United States, 818 F.3d 141 (4th Cir. 2016), cert. denied, No. 16-5017, 2016 WL 3552855 (U.S. Oct. 3, 2016).  In McNeal, the Fourth Circuit held that armed bank robbery under 18 U.S.C. § 2113(a) is still a crime of violence under the ACCA's so-called "force" clause, even after Johnson, because it "'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 818 F.3d at 152 (quoting United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991)) (quoting 18 U.S.C. § 924(c)(3)(A))).  Thus, Petitioner's Motion to Vacate fails, as his armed bank robbery conviction under 18 U.S.C. § 2113(a) is a proper, predicate conviction that supports his Section 924(c) conviction.

## CONCLUSION

For the reasons stated herein, the Court denies and dismisses Petitioner's Motion to Vacate.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed

5

to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED WITH PREJUDICE**;

2. Petitioner's "Motion for Appointed Counsel, and Motion to Proceed with Consideration re Motion to Vacate/Set Aside/Correct Sentence" [Doc. 3] is **DENIED AS MOOT**; and

3. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 7, 2016

Martin Reidinger
United States District Judge